UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-574-MOC
(3:13-cr-141-MOC-1)

| | | |
|---|---|---|
| JAMES McCONNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he seeks relief pursuant to Johnson v.

United States, 135 S.Ct. 2551 (2015). Also pending is Respondent's Motion to Dismiss, (Doc. No.

8).

## I.    BACKGROUND

Petitioner pled guilty in the underlying criminal case to a single count of bank robbery by

force, violence, and intimidation. (3:13-cr-141, Doc. Nos. 48, 49, 51).

The Presentence Investigation Report ("PSR") scored the base offense level as 20 pursuant

plus a total of four levels for specific offense characteristics, resulting in an adjusted offense level

subtotal of 24. (3:13-cr-141, Doc. No. 59 at ¶¶ 22-28). However, Petitioner qualified for a Chapter

Four career offender enhancement with a base offense level of 32 because he had at least two prior

felony convictions for a crime of violence or controlled substance offense. (3:13-cr-141, Doc. No.

59 at ¶ 32). Three levels were deducted for acceptance of responsibility, resulting in a total offense

level of 29. (3:13-cr-141, Doc. No. 59 at ¶¶ 30-32). Petitioner had 22 criminal history points and

a criminal history category of VI, and further, the criminal history category for career offenders is

VI. (3:13-cr-141, Doc. No. 59 at ¶¶ 58-62). The resulting advisory guideline range was 151 to 188 months' imprisonment. (3:13-cr-141, Doc. No. 59 at ¶¶ 110).

The Court adopted the PSR without change and sentenced him to 130 months' imprisonment followed by three years of supervised release. (3:13-cr-141, Doc. No. 63). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on July 17, 2016. (Doc. No. 1). He argues that counsel was ineffective for failing to object to his career offender enhancement because his prior convictions are not crimes of violence in light of Johnson v. United States, 135 S.Ct. 2551 (2015). These proceedings were stayed pending the outcome of Beckles v. United States, No. 15-8455. (Doc. No. 5). Following Beckles' issuance, 137 S.Ct. 886, 894 (2017), the Government filed a Motion to Dismiss, (Doc. No. 8), arguing that Petitioner's sentencing claim is waived, procedurally defaulted, and meritless. Petitioner has filed a Response, (Doc. No. 10), in which he reiterates his Johnson claim.

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument

presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner argues that counsel was ineffective for failing to argue that his career offender sentence is invalid in light of Johnson.

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson does not apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Petitioner's Johnson attack on his career offender sentence is squarely foreclosed by Beckles. Therefore, no sentencing error occurred and counsel was not ineffective for failing to object. Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

The Government's Motion to Dismiss will be granted and Petitioner's § 2255 petition will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss, and deny Petitioner's § 2255 Motion to Vacate.

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2.    Respondent's Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

2.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 29, 2018

Max O. Cogburn Jr.
United States District Judge